# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1249

_____

United States of America,                   *
*
            Plaintiff-Appellee,       *
                                 *  Appeal from the United States
    v.                         *  District Court for the District of
                                 *  Minnesota.
Carlos Gutierrez,               *
*
            Defendant-Appellant.   *

_____

Submitted: February 10, 2004
Filed: May 4, 2004

_____

Before MELLOY, FAGG, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Carlos Gutierrez was charged with conspiracy to possess with intent to distribute more than five kilograms of cocaine, conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, possession with intent to distribute approximately 5.9 kilograms of cocaine, and possession with intent to distribute approximately 443 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(a)(1), 841(b)(1)(B), 846, and 18 U.S.C. § 2. A jury found

Gutierrez guilty of these charges. The district court[1] sentenced Gutierrez to 360 months imprisonment. Gutierrez appeals his conviction and sentence. We affirm.

A. English Transcripts of Spanish Conversations

At trial, the government presented several recordings of court-authorized wiretaps that linked Gutierrez to a large-scale drug conspiracy. All of these recorded conversations were in Spanish. Gutierrez contends that the admission of the English transcripts violated his due process rights because the transcripts lacked proper foundation. We disagree.

The government introduced the English transcripts of the wiretapped Spanish conversations during the testimony of Officer Luis Porras, a police officer who worked undercover in the investigation that led to Gutierrez's arrest. Officer Porras testified that he is fluent in written and spoken Spanish and that he has worked as an undercover officer on more than one hundred occasions, almost always with Spanish-speaking individuals. During the investigation in this case, Officer Porras communicated with Gutierrez's coconspirator, Luis Andrade, several times. The two always spoke Spanish and had no difficulties understanding each other.

Before trial, Officer Porras listened to all of the recorded conversations and reviewed each of the transcripts. At trial, Officer Porras identified the speakers in the conversations and testified that the transcripts were accurate translations. We agree with the district court that Officer Porras was qualified to opine as to the accuracy of the transcripts. We find that his testimony provided a sufficient foundation for the introduction of the transcripts.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Gutierrez next argues that the district court erroneously instructed the jury regarding the transcripts. The district court instructed as follows:

> There is a typewritten transcript which you have in front of you of the tape recording that you are about to hear. The tape recording, or the transcript undertakes to provide a translation of the language that you are about to hear, and also to identify the speakers who are engaged in the conversation.
>
> Let me clarify for you that you are permitted to have the transcript for the limited purpose of helping you follow the conversation as you listen to the tape recording, and to help you keep track of the speakers.
>
> The tape recording itself, however, is the primary evidence of its own contents. In particular, you're specifically instructed as to whether the transcript correctly or incorrectly reflects the identity of the speakers. That is for you to decide based upon what you've heard about the preparation of the transcript and upon your own examination of the transcript in relation to what you hear on the tape recording.
>
> And also, let me just state that if you find that the transcript is in any respect incorrect or unreliable, then you should disregard it to that extent. Because the tape recording itself is the primary evidence of its contents.

The district court's instruction is patterned after § 2.06 of the Eighth Circuit Manual of Model Criminal Jury Instructions. As this court recently held in <u>United States v. Gonzalez</u>, — F.3d —, 2004 WL 875726, at *3 (8th Cir. Apr. 26, 2004), this model instruction is not well suited for transcripts of conversations originally spoken in a foreign language, as it presumes the jurors can understand the foreign language spoken in the original conversation. When dealing with English transcripts of recorded conversations that were originally spoken in a foreign language, district courts are encouraged to use an instruction similar to the Seventh Circuit's Federal Criminal Jury Instruction § 3.18. <u>See</u> <u>id.</u>, at *3-4. That instruction provides:

Among the exhibits admitted during the trial were recordings that contained conversations in the _____ language. You were also provided with English transcripts of those conversations. The transcripts were provided to you [by the government] so that you could consider the content of the conversations on the recordings.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

Seventh Circuit Federal Criminal Jury Instructions § 3.18, Foreign Language Recordings/Transcripts in English (1999).

Gutierrez did not suffer prejudice by the trial court's use of the pattern Eighth Circuit instruction. See Smith v. Chase Group, Inc., 354 F.3d 801, 808 (8th Cir. 2004) ("[E]rrors regarding jury instructions will not demand reversal unless they result in prejudice to the appealing party."). The purpose of an appropriate jury instruction would have been to inform the jury of its duty to determine the accuracy of the transcripts. Gutierrez failed to identify any inaccuracies in the transcripts to the district court, nor does he identify any inaccuracies on appeal.[2] Consequently, we must assume the transcripts were accurate. United States v. Riascos, 944 F.2d 442, 444 (8th Cir. 1991). Because Gutierrez failed to allege that the transcripts were

---

[2]We note that Gutierrez's attorney had access to the wiretap recordings and transcripts prior to trial and that a Spanish interpreter testified on behalf of Gutierrez at trial.

-4-

inaccurate, he cannot show that he suffered prejudice as a result of the instruction given by the district court.

B.    Other Issues

Gutierrez also contends that the evidence presented at trial was insufficient to support his conviction.  We must reject this challenge if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In making this determination, we examine the evidence in the light most favorable to the verdict, giving it the benefit of all reasonable inferences.  United States v. Cruz, 285 F.3d 692, 697 (8th Cir. 2002).

At trial, Luis Andrade testified that Gutierrez supplied him with large quantities of methamphetamine and cocaine.  Andrade stated that Gutierrez directed two couriers to transport approximately six kilograms of cocaine and approximately one pound of methamphetamine to Minnesota in September 1998.  Seized drugs and several wiretapped conversations regarding drug shipments corroborated this testimony.  Hotel records linking Gutierrez to the couriers and the September 1998 drug shipment further corroborated Andrade's testimony.  We find that the government presented sufficient evidence to support Gutierrez's conviction.[3]

Gutierrez also challenges the district court's imposition of a role-in-the-offense enhancement under U.S.S.G. § 3B1.1(a).  The district court determined that a four-level increase was appropriate because Gutierrez led and organized a drug conspiracy.

---

[3]Gutierrez argues that Andrade's testimony was not credible due to Andrade's desire to receive a reduced sentence.  This argument is unpersuasive, for we have consistently held that issues of witness credibility are for a jury to decide.  See United States v. Santos-Garcia, 313 F.3d 1073, 1081 (8th Cir. 2002); United States v. Harris, 310 F.3d 1105, 1111 (8th Cir. 2002).

The record supports the district court's finding that Gutierrez directed five or more people and exercised decision-making authority in the drug conspiracy: he arranged drug transactions in California, coordinated the shipment of drugs to Minnesota through several couriers, and received payment for the drugs. We cannot say the district court clearly erred by imposing a leadership enhancement under these circumstances. See United States v. Thompson, 210 F.3d 855, 861 (8th Cir. 2000) (holding that the terms "organizer" and "leader" are to be interpreted broadly).

We have considered the other arguments raised by Gutierrez on appeal and find they are without merit. The judgment and sentence of the district court are affirmed.

_____